UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE ENVY, LLC, | § | No. SA:14–CV–065–DAE |
| | § | (lead case) |
| Plaintiff, | § | |
| | § | No. SA:14–CV–081–DAE |
| vs. | § | (member case) |
| | § | |
| INFINITE CLASSIC INC. and | § | No. SA:14–CV–083–DAE |
| BAEK H. KIM, | § | (member case) |
| | § | |
| Defendants. | § | |

ORDER (1) ADOPTING IN PART AND VACATING IN PART THE
MEMORANDUM AND RECOMMENDATION OF THE MAGISTRATE
JUDGE; (2) GRANTING IN PART AND DENYING IN PART MOTION FOR
SANCTIONS; (3) DENYING MOTION FOR RECONSIDERATION; AND
(4) GRANTING MOTION TO DISMISS REMAINING CLAIMS

Before the Court is a Motion for Sanctions filed by Plaintiff Jane

Envy, LLC ("Plaintiff" or "Jane Envy") (Dkt. # 91).  The Court referred the matter

to Magistrate Judge John W. Primomo, who issued a Memorandum and

Recommendation on the Motion (Dkt. # 97).  Defendants Infinite Classic, Inc.

("Infinite") and Baek H. Kim ("Kim") (collectively, "Infinite Defendants") filed a

declaration objection to the Recommendation.  (Dkt. # 99.)  Below, the Court also

considers the Infinite Defendants' Motion for Reconsideration of this Court's

summary judgment order (Dkt. # 101).  Finally, the Court considers Jane Envy's

Motion to Dismiss remaining claims (Dkt. # 103).  Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

For the reasons stated below, the Court **ADOPTS IN PART AND VACATES IN PART** the Memorandum and Recommendation of the Magistrate Judge (Dkt. # 97) and **GRANTS IN PART AND DENIES IN PART** Jane Envy's Motion for Sanctions (Dkt. # 91).  The Court further **DENIES** the Infinite Defendants' Motion for Reconsideration (Dkt. # 101), and **GRANTS** Jane Envy's Motion to Dismiss the Remaining Claims (Dkt. # 103).

## BACKGROUND

Jane Envy is a Texas limited liability company engaged in the business of designing original fashion jewelry.  ("Infinite Compl.," 5:14–CV–083, Dkt. # 33 ¶¶ 2, 9.)  Jane Envy's Amended Complaint claims that Infinite is selling unauthorized copies of at least twenty-two jewelry items from seven of its copyrighted jewelry collections, and alleges seven counts of copyright infringement, and associated claims for damages under 17 U.S.C. § 504.  (Id. ¶¶ 15–19, 20–27, 28–35, 36–43, 44–51, 52–59, 60–67, 69–75.)

Jane Envy filed suit against the Infinite Defendants on January 23, 2015.  (5:14–cv–83, Dkt. # 1.)  On February 27, 2015, the Court entered an Order to Consolidate Actions, thereby consolidating the Infinite case with Plaintiff's actions against Defendants Sam Moon Trading Enterprises, Ltd., Moon Brothers

Management, Inc., d/b/a Sam Moon Group, Samuel S. Moon, Daniel S. Moon, and David Moon (collectively, the "Moon Defendants") and Best Imports & Wholesale, LLC d/b/a Vividove, Roger Hun Hang, and Mo Kyung Lee (collectively, the "Best Imports Defendants").  (Dkt. # 44.)  Plaintiff subsequently dismissed its claims against the Moon Defendants and the Best Imports Defendants.  (Dkts. ## 49, 52, 57.)

The Infinite Defendants have been reluctant participants in this litigation.  For example, the Infinite Defendants did not appear in the litigation until after the clerk of Court entered default and the Magistrate Judge recommended entering Default Judgment against them.  (5:14–cv–083, Dkts. ## 5, 10.)  Thereafter, the Infinite Defendants have failed to respond to discovery requests (see, e.g., Dkt. # 67), have not appeared for noticed depositions (Dkt. # 69 ¶ 11), have failed to timely respond to motions, and did not appear at the February 22, 2016 hearing on a Motion for Summary Judgment.[1]  (Dkt. # 90.)

On February 26, 2016, this Court entered an order granting in part and denying in part Jane Envy's Motion for Summary Judgment.  (Dkt. # 69.)  The order granted Jane Envy's claim for copyright infringement with respect to five items, and awarded  statutory damages in the amount of $120,000.00, pursuant to

---

[1] The Court continued the hearing once pursuant to a motion by counsel for the Infinite Defendants (Dkt. # 79, text order), but denied a second motion to further continue the hearing (Dkt. # 82, text order).

17 U.S.C. §§ 504(c)(1) & (c)(2).  (Dkt. # 93.)  The order dismissed claims for copyright infringement with respect to six items, after finding that the items did not satisfy the originality requirement and were not protected by any copyright held by Jane Envy.  (Id.)  Finally, the order denied summary judgment with respect to two items due to the insufficiency of the evidence before the Court, and denied summary judgment as to eleven other jewelry items after finding a genuine issue of material fact as to the second element of each copyright infringement claim with respect to those items.  (Id.)

On February 24, 2016, Plaintiff filed a motion for sanctions against the Infinite Defendants, and the undersigned referred the motion to Magistrate Judge Primomo.  (Dkt. # 91.)  The Infinite Defendants did not file a Response.  On March 28, 2016, the Magistrate Judge issued a Memorandum and Recommendation.  (Dkt. # 97.)  On April 11, 2016, counsel for the Infinite Defendants filed a declaration objecting to the Memorandum and Recommendation (Dkt. # 99), and Jane Envy filed a Response (Dkt. # 100).

On April 27, 2016, the Infinite Defendants filed a Motion for Reconsideration of the Court's Summary Judgment Order.  (Dkt. # 101.)  Jane Envy timely filed a Response (Dkt. # 102); the Infinite Defendants did not file a Reply.  Finally, on May 25, 2016, Jane Envy filed a Motion to Dismiss the Claims

upon which summary judgment was not granted. (Dkt. # 103). The Infinite
Defendants did not file a Response.

## LEGAL STANDARD

### I. Review of Memorandum and Recommendation

Any party who desires to object to a Magistrate Judge's findings and
recommendations must serve and file written objections within fourteen days after
being served with a copy of the findings and recommendations. Fed. R. Civ. P.
72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's
conclusions to which a party has specifically objected. See 28 U.S.C.
§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those
portions of the report or specified proposed findings or recommendations to which
objection is made."). Findings to which no specific objections are made do not
require de novo review; the Court need only determine whether the Memorandum
and Recommendation is clearly erroneous or contrary to law. United States v.
Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

### II. Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general
motion for reconsideration." St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123
F.3d 336, 339 (5th Cir. 1997). Rather, courts treat such motions as motions
pursuant to Rules 54(b), 59(e), or 60 depending on when the motion is brought and

the type of order that the party requests the Court to reconsider. See U.S. Bank National Assoc. v. Borunda, No. EP-15-CV-109-PRM, 2016 WL 2625287, at *3 (W.D. Tex. May 5, 2016). Where an order does not grant final judgment in the case, Rule 54(b) controls the motion for reconsideration. See id.; Sec. & Exchange Comm. v. Arcturus Corp., 2016 WL 3654430, at *1 (N.D. Tex. July 8, 2016). The "precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, [but] whether to grant such a motion rests within the discretion of the court." Dos Santos v. Bell Helicopter Textron, Inc. Dist., 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). While the standard "would appear to be less exacting than that imposed by Rules 59 and 60 . . . considerations similar to those under Rules 59 and 60 inform the Court's analysis." Id. (citing Livingston Downs Racing Ass'n v. Jefferson Downs Corp., 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

        "A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of

judgment," <u>Templet</u>, 367 F.3d at 478, and it "should not be used to . . . re-urge

matters that have already been advanced by a party." <u>Nationalist Movement v.</u>

<u>Town of Jena</u>, 321 F. App'x 359, 364 (5th Cir. 2009). Reconsideration of a

previous order is "an extraordinary remedy that should be used sparingly." <u>Id.</u>

ANALYSIS

I. <u>Objections to the Magistrate Judge's Memorandum and Recommendation on</u>
   <u>Sanctions</u>

The Infinite Defendants filed a declaration with specific objections to

the Magistrate Judge's Memorandum and Recommendations regarding the Motion

for Sanctions. (Dkt. # 99.) Accordingly, this Court reviews the Magistrate Judge's

conclusions de novo.

Jane Envy seeks sanctions against the Infinite Defendants on three

distinct grounds. First, Jane Envy claims that the Infinite Defendants have failed to

comply with this Court's August 20, 2015 order. (Dkt. # 91 at 1; Dkt. # 68.) The

August 20, 2015, order required the Infinite Defendants to comply with the Court's

December 22, 2014 order in member case 5:14–cv–083,[2] within fourteen days.[3]

(Dkt. # 91 at 1; Dkt. # 68; No. 5:14–cv–083, Dkt. # 23.)

---

[2] The December 22, 2014, order required the Infinite Defendants to pay the
reasonable attorney's fees—$8,149.00—incurred in responding to the Infinite
Defendants' Motion to Set Aside the Clerk's Entry of Default and the Magistrate
Judge's Report and Recommendation to enter default judgment against the Infinite
Defendants. (5:14–cv–083, Dkt. # 23.)

Second, Jane Envy seeks sanctions for the Infinite Defendants' failure to comply with an order of this Court compelling responses to certain of Jane Envy's interrogatories and requests for production by August 21, 2015.  (Dkt. # 91 at 1; Dkt. # 67.)  Jane Envy states that the Infinite Defendants did not provide any discovery responses until October 6, 2015—over six weeks after this Court's order, and nearly a month after both the dispositive motions deadline and the date on which Jane Envy filed its Motion for Summary Judgment.  (Dkt. # 91 at 6; see Dkt. # 41, text order; Dkt. # 69.)  The Order to Compel also ordered the Infinite Defendants to pay the attorneys' fees Jane Envy's incurred in filing the Motion— $3,745.00—which the Infinite Defendants have not paid.  (Dkt. # 67 at 2; Dkt. # 91 at 3.)

Third, Jane Envy seeks sanctions against the Infinite Defendants for failure to object to Jane Envy's Notices of Deposition and subsequent failure to appear for those depositions.  (Dkt. # 91 at 1.)  Jane Envy requests that the Court exercise its full sanctioning authority under Federal Rule of Civil Procedure 37, and sanction the Infinite Defendants to pay Jane Envy's attorneys' fees— $72,492.49 at the time the motion was filed—and to enter judgment in favor of Jane Envy.  (Dkt. # 91 at 5.)

---

[3] Importantly, this order informed the Infinite Defendants that "failure to make payment as directed may result in the imposition of sanctions, including entry of judgment against the Infinite Defendants."  (Dkt. # 68 at 5–6.)

A. <u>The Order of the Magistrate Judge</u>

The Magistrate Judge found that while monetary sanctions were appropriate, it would be inappropriate to dismiss the action or to require the Infinite Defendants to pay all of Jane Envy's attorneys' fees.  (Dkt. # 97 at 5.)  The Magistrate Judge found that Jane Envy did not prevail on many of its claims, and that full attorneys' fees were not warranted.  Instead, the Magistrate Judge concluded that the Infinite Defendants should pay the attorneys' fees previously awarded by the Court, and that a $5,000 financial sanction for their failure to comply with the Order compelling discovery and for their failure to appear for depositions.  (Dkt. # 97 at 5–6.)

The Magistrate Judge found that the Infinite Defendants should not be sanctioned for their failure to timely respond to Jane Envy's Motion for Summary Judgment or for their failure to appear at the hearing on the Motion, as such behavior harmed the Infinite Defendants rather than Jane Envy.  (Dkt. # 97 at 6.)  Finally, the Magistrate Judge concluded that Jane Envy should be awarded its attorneys' fees associated with preparing the motion for sanctions, and found that Jane Envy reasonably expended 57.3 hours on the motion, warranting a total fee of $19,402.  (<u>Id.</u>)

B. <u>Applicable Law</u>

Federal Rule of Civil Procedure 37(b)(2) gives the district Court authority to impose a variety of sanctions for failure to comply with discovery orders; these sanctions include issuance of an "order that certain facts be taken as established or evidence excluded; that claims or defenses be unopposed or pleadings struck; that reasonable expenses caused by the recalcitrant party be paid; or that the party be held in contempt." <u>Marshall v. Segona</u>, 621 F.2d 763, 766 (5th Cir. 1980). Further, Rule 37(b)(2) "authorizes the court to impose a . . . sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order;" this is "one of the least severe sanctions under" the Court's Rule 37(b) sanctioning authority. <u>Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.</u>, 685 F.3d 486, 488 (5th Cir. 2012). "The bandwidth of the district Court's power to impose Rule 37 sanctions is broad indeed." <u>Segona</u>, 621 F.2d at 766.

"[N]either [the Fifth Circuit] nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions." <u>Chilcutt v. United States</u>, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993). However, where a court finds that discovery violations occurred as a result of "bad faith or willful misconduct," it may be appropriate to impose the sanction of dismissal. <u>Pressey v. Patterson</u>, 898 F.2d 1018, 1021 (5th Cir. 1990); <u>Cooper Tire</u>, 685 F.3d at 488; <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>,

427 U.S. 639, 643 (1976).  However, "[d]ismissal is generally inappropriate and lesser sanctions are favored."  Segona, 621 F.2d at 768.

The court also "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct."  Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990).  This discretion may be exercised "[w]hen a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute."  Toon v. Wackenhut Corr. Corp., 250 F.3d 950, 952 (5th Cir. 2001) (quoting Carroll v. The Jaques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th Cir. 1997)).

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by [its] misconduct, and when calculating attorneys' fees as part of a sanction under Rule 37(b), a court should conduct a lodestar analysis.  Cooper Tire, 685 F.3d at 490; see also La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323–24 (5th Cir. 1995).  The lodestar is calculated by "multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work."  Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013).  A party seeking attorneys' fees has "the burden of showing the reasonableness of the hours billed."  Id.  The party seeking fees may not bill for work that is "unproductive, excessive, or redundant."  Saizan v. Delta Concrete Prod. Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006).

11

After calculating the lodestar, the Court may enhance or decrease the award of attorney's fees by considering twelve factors, commonly referred to as Johnson factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

Black, 732 F.3d at 501 (citing Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)).  The lodestar may not be adjusted based upon a factor accounted for during the initial calculation of the lodestar.  Black, 732 F.3d at 501; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010).

"For Rule 37 sanctions, the affidavit of movant's counsel can serve as proof of the amount to be awarded."  Tollett v. City of Kemah, 285 F.3d 357, 367 (5th Cir. 2002); see also Cooper Tire, 685 F.3d at 491.  Such affidavits should explain the time expended, the hourly rates sought, and proof of other expenses incurred.  See Cooper Tire, 685 F.3d at 488.

12

C. Application

1. Whether full attorney's fees and dismissal are appropriate

Neither party disputes the Magistrate's finding that full attorney's fees and dismissal are not an appropriate sanction. This is not in clear error, and the Court accordingly **ADOPTS** this determination.

2. Sanctions for failure to comply with discovery order and failure to appear at deposition

The Infinite Defendants object to the Magistrate Judge's award of $5,000 for their failure to appear at depositions and $5,000 for their failure to timely participate in written discovery (Dkt. # 99 ¶¶ 21–24), arguing that the award is not supported by evidence, and that the failure to attend the depositions or timely respond to discovery was excusable. (Id. ¶¶ 24, 26–36.) Specifically, the Infinite Defendants argue that they retained new counsel on July 10, 2015, and that "[s]even days from the date August 14, 2015 Order [sic] entered for the production of additional documents responding to the discovery was not sufficient time for [new counsel] to meet [deadlines] while catching up with this complicated action reviewing previous pleadings, grasping factual backgrounds and engaging factual/legal [sic] analysis." (Id. ¶ 30.)

This excuse is insufficient. Counsel for the Infinite Defendants had been counsel of record for nearly a month when the Motion to Compel was filed; counsel received notice of the Motion, yet entirely failed to request an extension of

13

time or otherwise respond to the Motion to Compel, and also failed to respond to the Motion to Enforce the Court's Order. (Dkts. ## 65 & 66, receipts of service.) Further, Counsel did not object to the Court's Orders compelling the Infinite Defendants to participate in written discovery or to comply with previous orders. (Dkts. ## 67, 68.) Likewise, counsel did not object to the notices of deposition. This utter failure to respond, viewed alongside the Infinite Defendants' historical failure to timely respond or otherwise abide by previous orders of this Court, amounts to willful disregard of the Court's authority and the judicial process in general. The Magistrate Judge correctly found that imposition of attorney's fees, "one of the least severe sanctions," under the Court's Rule 37(b) sanctioning authority, was appropriate for the discovery-related failures documented here. Cooper Tire, 685 F.3d at 488.

The Magistrate Judge, citing this Court's broad power to fashion a remedy under Rule 37, recommended a sanction of $5,000 for each of the two violations. However, Jane Envy's submissions include more detailed information, including the affidavit of Daniel Harkins, a shareholder of Dykema Cox Smith, and billing records detailing the time spent and expenses incurred in connection with these motions; these records should be considered when calculating Rule 37(b) sanctions and warrant a more specific remedy. ("Harkins Aff.," Dkt. # 95); see Tollet, 285 F.3d at 367.

14

The Harkins affidavit states that, after applying an adjustment to account for the number of infringing works this Court found at the summary judgment stage, counsel for Jane Envy spent 24.7 hours preparing for depositions. (Harkins Aff. ¶ 20.)  A spreadsheet attached to the affidavit explains that these hours were billed at an average rate of $339.00 per hour.  (Dkt. # 95, Ex. 1 at 2.) Jane Envy submitted detailed billing records explaining the average rate and demonstrating the division of time between the shareholder, who billed at a rate of $495.00 per hour, and the associates who respectively billed at rates of $265.00 and $290.00 per hour, to create the average billing rate.  (See Dkt. # 95, Ex. 2.) Jane Envy accordingly calculated its lodestar with regard to deposition preparation as $8,364.00.  (Dkt. # 95 ¶ 20; Dkt. # 95, Ex. 1 at 2.)  Jane Envy adjusted the number of hours expended on deposition preparation prior to calculating its lodestar, and none of the Johnson factors apply here.  Accordingly, the Court finds that Jane Envy should be awarded $8,364.00 in attorney's fees as a Rule 37 sanction for the Infinite Defendants' failure to object to or appear for noticed depositions.

Jane Envy's Motion to Compel Production details Jane Envy's efforts, beginning in February 2015, to obtain written discovery from the Infinite Defendants.  (Dkt. # 65.)  Before turning to this Court for assistance, Jane Envy engaged in frequent communication with counsel for the Infinite Defendants and

repeatedly extended production deadlines.  (Id. ¶¶ 1–7.)  Even after the Court entered its order to compel production, the Infinite Defendants did not produce their responses until weeks after the dispositive motion deadline.  (Dkt. # 91 at 6.) The discovery materials ultimately produced by the Infinite Defendants are effectively useless, as they were produced almost one month after Jane Envy filed its Motion for Summary Judgment.  (Dkt. # 69.)  Accordingly, this Court finds that under Rule 37(b), the Infinite Defendants should be required to pay the amount of attorneys' fees Jane Envy expended in preparing its written discovery requests rather than a generalized award.  See Fed. R. Civ. P. 37(b).  The affidavit of Daniel Harkins states that counsel for Jane Envy spent, after adjustment with regards to unsuccessful claims, approximately 15.5 hours responding to initial disclosures. (Harkins Aff. ¶¶ 18–19; Dkt. # 95-1 at 2.)  Jane Envy's Reply states that approximately half of this time was expended seeking written discovery.  (Dkt. # 100 at 3.)  The total expenditure, billing at an average rate of $339 per hour, creates a lodestar of $2,627.25.  (Dkt. # 95-1 at 2.)  The Johnson factors do not warrant an adjustment here.  Accordingly, the Court finds that Jane Envy should be awarded $2,627.25 in attorney's fees as a Rule 37 sanction for the Infinite Defendants' failure to timely respond to written discovery.

3. <u>Sanctions for costs associated with instant motion for sanctions</u>

The Infinite Defendants object to the award of $19,402.00 associated with preparing the instant Motion for Sanctions, arguing that these costs are unreasonable.  (Dkt. # 99 ¶¶ 16–18.)  Further, the Infinite Defendants object that the costs expended in preparing the affidavit on attorneys' fees in support of this motion should not be included in the sanctions award, because Jane Envy only submitted the affidavit after the Court ordered it to do so.  (<u>Id.</u> ¶ 18; Dkts. ## 94, 95.)  The Court will consider the time spent preparing the affidavit, because Jane Envy timely complied with the Magistrate's order to submit it.

Jane Envy submitted affidavits detailing that it expended 57.3 hours preparing and drafting the motion for sanctions.  This time was divided between a shareholder billing at $525.00 per hour, an associate billing at $305.00 per hour, and two paralegals billing at $160.00 and $165.00 per hour, for an average rate of $339.00 per hour.  (<u>See</u> Dkt. # 100, Exs. 1–3; Dkt. # 95, Ex. 1 at 3.)

The Court finds that the <u>Johnson</u> factors require a downward adjustment to the attorneys' fees requested here.  Jane Envy's motion for sanctions did not involve complex legal analysis; rather, it recounted a history of the case, and involved basic mathematical calculations regarding the attorney's fees expended throughout the lawsuit.  The motion involved no novel or difficult questions, and did not involve any particular legal skill.  <u>See</u> <u>Johnson</u>, 488 F.2d at

717-19.  Further, the hours worked in connection with the instant motion depart greatly from the hours claimed for other motions.  For example, counsel expended 20.5 hours in connection with the motion to set aside default judgment, and 11.1 hours in connection with the motion to compel.  (Dkt. # 95, Ex. 1. at 2–3.) Counsel claims a total of 109.2 hours expended on the motion for summary judgment – a motion which involved detailed exhibits and complex intellectual property analysis—this stands in stark contrast with the time allegedly expended on the instant motion.  Accordingly, the Court finds that the amount of attorneys' fees requested in connection with the motion for sanctions should be reduced by 40%, for a total award of $11,641.20.

Therefore, the order of the Magistrate Judge is **ADOPTED IN PART** and **VACATED IN PART** (Dkt. # 97).  The Magistrate Judge correctly concluded that Rule 37 sanctions were appropriate here, and that dismissal or the award of full attorney's fees was not appropriate.  (Id.)

The general sanctions amounts are **VACATED**, and the Infinite Defendants are **ORDERED** to pay $2,627.25 for failure to timely comply with written discovery, and further ordered to pay $8,364.00 for their failure to appear at their noticed depositions.  Accordingly, the Infinite Defendants must pay $10,991.25 as a Rule 37 Sanction for their abuse of the discovery process.

The Court agrees that attorneys' fees should be awarded in connection with the motion for sanctions, but finds that the current award is excessive. Accordingly, the Infinite Defendants are **ORDERED** to pay Jane Envy's attorney's fees in the amount of $11,641.20.

II. <u>The Infinite Defendants' Request to Reconsider Prior Awards of Attorneys' Fees</u>

The affidavit submitted by the Infinite Defendants, discussed above, also asks the Court to reconsider the amount of attorney's fees previously assessed in connection with Jane Envy's Response to the Infinite Defendants' Motion to Vacate Default Judgment, and Jane Envy's Motion to Compel. (Dkt. # 99 ¶¶ 40–46.)  The Infinite Defendants argue that it should not be liable for the costs associated with the Motion to Vacate, because current counsel was not counsel of record when the Motion to Vacate was filed, and that Jane Envy submitted insufficient evidence of its costs in connection with the Motion to Compel. (Dkt. # 99 ¶¶ 40–46.)

These arguments are inapposite.  First, Mathew Jeon, current counsel of record, signed the waiver of the service of summons on April 11, 2014, and later accepted the Memorandum and Recommendation of the Magistrate Judge regarding entry of default judgment, which arrived via certified mail. (5:14–cv– 083, Dkts. ## 3, 13, receipt of service.)  That he only moved to appear pro hac vice in February of this year does not somehow serve as a shield against prior orders of

this Court.  Further, Jane Envy has submitted adequate documentation in support of its fees; the sole error the Infinite Defendants point out appears to be a typographical error.  (Dkt. # 99 ¶ 41; Dkt. # 66, Ex. 1 at 7.)  The error the Infinite Defendants' objection hinges upon attributes 4.70 of the hours billed on the Motion to set aside entry of default to former Defendant Best Import, rather than to the Infinite Defendants.  (Dkt. # 99 ¶ 41; Dkt. # 66, Ex. 1 at 7.)  The billing statement on which the statement is written is very clearly the billing statement for the litigation against the Infinite Defendants, prior to consolidation.  Further, the dates on the billing statement correspond with the dates that Jane Envy filed its Response to the Motion to set aside entry of default.  Accordingly, to the extent the Infinite Defendants request that this Court vacate its prior orders to pay attorneys' fees, this motion is **DENIED** (Dkt. # 99.)  The Infinite Defendants remain liable to pay $8,149.00 in connection with Motion to Set Aside Default, and $3,745.00 in connection with the Motion to Compel.  (5:14–cv–083, Dkt. # 23; 5:14–cv–065, Dkt. # 66.)

   III. Motion for Reconsideration of the Court's Summary Judgment Order

            On April 27, 2016, two months after this Court issued its summary judgment order (Dkt. # 93), the Infinite Defendants filed a Motion for Reconsideration of the Summary Judgment Order.  (Dkt. # 101.)

This Court's summary judgment order granted summary judgment in favor of Jane Envy with respect to five items: 8076N-HOPE, 8076N-BLESSED, 807N-DREAM, 8076N-FAITH, and 8076N-LOVE.  (Dkt. # 93 at 44.)  The Infinite Defendants' Motion requests the Court to reconsider its previous order, because the Infinite Defendants own copyright registrations for the five items upon which the Court previously granted summary judgment.  (Dkt. # 101 at 4–8.)  The Infinite Defendants attach, as an exhibit, the copyright registrations for each of the five items.  (Id., Exs. A & B.)  According to these exhibits, the Infinite Defendants received a certificate of copyright registration for the "Religious Dog Tag Necklace Collection" on February 19, 2014 (Dkt. # 101 Ex. A at 1), and obtained certificates of copyright registration for each of the individual works within the collection—the works on which the Court previously entered summary judgment—on February 16, 2015 (Dkt. # 101, Ex. B at 2, 6, 8, 10).

Neither the Infinite Defendants' Response to the Summary Judgment motion, nor the exhibits attached to the summary judgment motion, make any mention of the Infinite Defendants' copyrights.  (See Dkt. # 72.)  Rather, the Infinite Defendants argued that summary judgment should not be granted because Jane Envy did not sufficiently prove that its copyrights covered the individual works within its jewelry collections, that Jane Envy's works did not satisfy the originality requirement, and that Jane Envy had not adequately demonstrated that

21

infringement had actually occurred.  (Id.)  The Infinite Defendants' exhibits to

their summary judgment motion consisted of unauthenticated screen shots of

various web pages, which the Court declined to consider when evaluating the

Motion for Summary Judgment.  (Dkt. # 93 at 7; Dkt. # 72, Ex. B.)  The exhibits

also included a declaration of Defendant Kim, which the Court considered in spite

of the Infinite Defendants' failure to appear for depositions, finding that excluding

the testimony would be an inappropriate sanction at that time.  (Dkt. # 93 at 7–8.)

This declaration made absolutely no mention of the copyrights held by the Infinite

Defendants, even though the Response was filed over seven months after the

copyright certificates were issued.  (Dkt. # 72, Ex. B at 70–72.)

        The Infinite Defendants' Motion for Reconsideration is based solely

on their certificates of copyright registration; however, Defendants do not attempt

to argue that this evidence was "newly discovered," nor could they do so in good

faith, as the most recent copyrights were registered to Defendant Kim seven

months before the motion for summary judgment was filed.  (See Dkt. # 101, Ex.

B.)  Further, the Infinite Defendants do not point to an intervening change in the

law since the Court issued its summary judgment order, nor do they argue that this

Court made a manifest error of law or fact based upon the summary judgment

evidence before it when it made its decision.  See Demahy, 702 F.3d at 182.  The

Court has repeatedly provided the Infinite Defendants with additional chances to

properly plead its case, despite its failure to abide by the orders and timelines of this Court.  For example, the Court vacated the recommendation of default judgment and the entry of default; granted additional time to respond to discovery; considered late pleadings; and even considered the declaration of Mr. Kim in connection with the Motion for Summary Judgment, despite his failure to attend his deposition.  In spite of these repeated concessions on the part of the Court, the Infinite Defendants continue both to abuse the judicial process and demonstrate disrespect for the Federal Rules of Civil Procedure.

While Defendant Kim clearly was aware of his copyright registrations in February 2015, he did not produce them until well after the written discovery date ordered by this Court and well after the dispositive motions deadline; indeed, the evidence was not disclosed to this Court until two months _after_ its ruling on the Motion for Summary Judgment.  Federal Rule of Civil Procedure 37(b)(2)(A)(iii) permits the Court to "strik[e] pleadings in whole or in part" where a party "refuses to obey an order or provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A). While the Court has previously declined to impose sanctions other than attorneys' fees on the Infinite Defendants for their failure to timely respond to discovery, the Court finds here that the Infinite Defendants' failure to timely produce this evidence – if not in connection with discovery, then at least in response to the motion for summary judgment—is willful.  Accordingly, the Court strikes the

23

evidence of the Copyright Registrations pursuant to its sanctioning authority under rule 37(b)(2)(A).

Accordingly, because the Infinite Defendants do not provide a legally sound reason for reconsideration, because the evidence they have submitted is not "newly-discovered," and because the Court has determined it should not consider the evidence due to the Infinite Defendants' failure to comply with this Court's orders, the Court **DENIES** the Infinite Defendants' Motion for Reconsideration. (Dkt. # 101.)

IV.     Motion to Dismiss Remaining Claims

On May 25, 2016, Jane Envy filed a Motion to Dismiss, without prejudice, all remaining claims upon which summary judgment was not granted. (Dkt. # 103.)  The Infinite Defendants did not file a response.

Granting this motion will effectively dismiss the case, and the Court therefore construes the motion as a Motion to Dismiss under Rule 41(a)(2).  "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  Elbaor v. Triath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).  "Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.  If not, it should generally, absent some evidence of

24

abuse by the movant, grant the motion." <u>Test Masters Educational Servs., Inc. v.</u> <u>Robin Singh Ed. Servs., Inc.</u>, 799 F.3d 437, 448 (5th Cir. 2015) (quoting <u>Elbaor</u>, 279 F.3d at 317)).

Here, Jane Envy states that it seeks to dismiss the remaining claims "[i]n an effort to finally resolve this matter." (Dkt. # 103 ¶ 6.) Jane Envy does not appear to abuse the Rule, and the Infinite Defendants did not oppose the motion. Further, their original Response to Plaintiff's Motion for Summary Judgment did not address any claim for copyright infringement with specificity, and it does not appear that they expended great effort or cost with regards to these claims. Accordingly, the Infinite Defendants will not suffer any plain legal prejudice because of dismissal. Further, Jane Envy's Motion to Dismiss the remaining claims should be **GRANTED** (Dkt. # 103). Accordingly, Jane Envy's claims for copyright infringement of the following items are **DISMISSED WITHOUT PREJUDICE**: 7789N–INFINITY, 7682N-GD, 7891N-TQ-CROSS, 7891N-IV-CROSS-GD, 7728E-IV-GOLD, 7728E-TQ-GOLD, 7815N-COIN, 7815N-CROSS, 7819N, 8166 E-ARROWHEAD, and 8192 B-WING.[4]

---

[4] Jane Envy also seeks to dismiss its claims for copyright infringement of the following items: 7599N-SL; 7600N-SL; 7599N-GD, 7546N-IV, 7616E-IV-GOLD, and 8105E. (Dkt. # 103 ¶ 6.) These claims were dismissed with prejudice pursuant to the Court's summary judgment order. (Dkt. # 93 at 31, 44.) Accordingly, to the extent Jane Envy seeks to dismiss these claims without prejudice, the motion is **DENIED**.

<u>CONCLUSION</u>

For the reasons stated above, the Court **ADOPTS IN PART AND VACATES IN PART** the Memorandum and Recommendation of the Magistrate (Dkt. # 97) and **GRANTS IN PART AND DENIES IN PART** Jane Envy's Motion for Sanctions (Dkt. # 91).  The Infinite Defendants are hereby **ORDERED** to pay the previously awarded fees of $8,149.00 and $3,745.00; $10,991.25 as a Rule 37 Sanction for their abuse of the discovery process; and $11,641.20 in connection with the Motion for Sanctions.

The Court **DENIES** the Infinite Defendants' Motion for Reconsideration of its summary judgment order (Dkt. # 101).  The Court **AFFIRMS** its previous Order on Summary Judgment, including its award of statutory damages in the amount of $120,000.00 pursuant to 17 U.S.C. §§ 504(c)(1) & (c)(2).

The Court **GRANTS** Jane Envy's Motion to Dismiss the Remaining Claims (Dkt. # 103).  The claims for infringement of 7789N–INFINITY, 7682N-GD, 7891N-TQ-CROSS, 7891N-IV-CROSS-GD, 7728E-IV-GOLD, 7728E-TQ-GOLD, 7815N-COIN, 7815N-CROSS, 7819N, 8166 E-ARROWHEAD, and 8192 B-WING are **DISMISSED WITHOUT PREJUDICE**.

As there are no claims remaining in this or any member case, the above-numbered case, as well as member cases 5:14–cv–081 and 5:14–cv–083, are hereby **CLOSED**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 26, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

27